JOHN C. APOSTOL ET AL. *v.* ANNE ARUNDEL COUNTY, MARYLAND ET AL.

[No. 156, September Term, 1979.]

*Decided October 27, 1980.*

*Motion for reconsideration filed November 20, 1980; denied December 1, 1980.*

668

The cause was argued before Murphy, C. J., and Smith, Digges, Eldridge, Cole and Davidson, JJ., and Richard P. Gilbert, Chief Judge of the Court of Special Appeals, specially assigned.

*M. Peter Moser,* with whom were *James S. Jacobs* and *Frank, Bernstein, Conaway & Goldman* and *Richard G. Anderson* and *Richard T. Wright* on the brief, for appellants.

*Harry D. Shapiro,* with whom were *George C. Doub, Jr., Kenneth R. Hoffman* and *Venable, Baetjer & Howard* and *Richard Lazer Hillman, County Solicitor,* and *Frederick C. Sussman, Assistant County Solicitor,* on the brief, for appellees.

Eldridge, J., delivered the opinion of the Court.

Maryland Code (1957, 1975 Repl. Vol., 1979 Cum. Supp.), Art. 81, § 32A (a), authorizes a county to tax property, located within a municipal corporation in the county, at less than the general county property tax rate if the municipality performs government services or programs. Section 12G-8 of Art. 81 prohibits Anne Arundel and Howard Counties from imposing "taxes upon residents of any incorporated municipality for services which that municipality provides for its residents." The City of Annapolis is an incorporated municipality located in Anne Arundel County. Annapolis provides certain government services for its residents which are similar to services provided by Anne Arundel County in areas outside of the City, thereby saving the County from the necessity of supplying these services within the City. Consequently, pursuant to §§ 12G-8 and 32A (a) of Art. 81, Anne Arundel County imposes a lesser county tax rate on property located within Annapolis than the rate for the rest of the County. However, there has been an ongoing dispute between many residents of Annapolis and the County, with those city residents claiming that the tax rate differential each year should be greater. The present case is a chapter in that dispute, involving a challenge by several Annapolis taxpayers to the fiscal 1979 county property taxes imposed upon them.

On or about June 1, 1978, the levy bill, setting the Anne Arundel County 1979 property tax rates, was enacted by the County. The ordinance established a county tax rate for the City of Annapolis of $1.74 per $100.00 of assessed valuation, a rate $0.41 lower than that enacted for the areas of Anne Arundel County lying outside of Annapolis. About a month before the final enactment of the ordinance, the present action was commenced by the filing of a bill of complaint in the Circuit Court for Anne Arundel County. The plaintiffs are thirteen Annapolis residents who own property in Annapolis which is subject to Anne Arundel County property taxes. The suit was brought "as a class action on behalf of all taxpayers who are subject to property taxes of Anne Arundel County for fiscal year 1979 on real or personal prop-

erty having its situs in the City of Annapolis." [1] The defendants are Anne Arundel County, the County Executive of Anne Arundel County and the members of the County Council of Anne Arundel County, with the individual defendants being sued "in their official capacities and not individually."

As the suit was brought shortly before the fiscal 1979 tax rate was finalized, the $0.41 tax rate differential was not specifically attacked in the bill of complaint. Instead, the plaintiffs alleged that, unless restrained, the defendants "will undertake" to set the fiscal 1979 tax rates in a manner violating Art. 81, § 12G-8, of the Maryland Code. With regard to relief, the plaintiffs first sought certification as a class action on behalf of all taxpayers required to pay Anne Arundel County taxes on property within Annapolis. They next sought a declaratory decree that § 12G-8 required that Anne Arundel County taxes be computed according to a specified accounting methodology. The plaintiffs also requested that the defendants be enjoined from determining the 1979 tax rate other than in accordance with the declaratory decree. Finally, the plaintiffs asked that the court order refunds of any 1979 property taxes which might be paid pursuant to an illegal levy.

The defendants, on May 9, 1978, filed a demurrer, asserting that the allegations in the bill of complaint demonstrated that there was no justiciable controversy between the parties because the County had not yet adopted any tax rates for fiscal 1979. Alternatively, the defendants contended that if a justiciable controversy did exist, Art. 81, §§ 214, 214C and 229, of the Maryland Code provided the exclusive administrative and judicial review remedy. On June 26, 1978, the circuit court overruled the demurrer. The court held that, because the ordinance establishing the county tax rates for property both within Annapolis and outside of Annapolis had been finally enacted on June 1,

---

1. Although not mentioned in the bill of complaint, six of the thirteen named plaintiffs are the Mayor and Aldermen of Annapolis. The other seven named plaintiffs apparently are not city officials. At any rate, the action was clearly brought by the plaintiffs in their capacities as individual taxpayers. The City of Annapolis is not a party to the action.

1978, "the matter is not now prospective." The circuit court further held that the remedy provided by Art. 81, §§ 214, 214C and 229, is not exclusive and does not preclude a declaratory judgment action. Thereafter, the plaintiffs paid their fiscal 1979 property taxes in accordance with the challenged rates set forth in the ordinance enacted on June 1, 1978.

Following a trial, the circuit court, on June 9, 1979, issued a declaratory decree. The court declared that the method used by Anne Arundel County to compute the property tax rate differential for fiscal 1979 would be "improper" if § 12G-8 of Art. 81 "were constitutional and could be given effect." However, the court went on to declare that the plaintiffs are not entitled to relief because § 12G-8 is unconstitutional, violating Art. 15 of the Maryland Declaration of Rights.[2] In light of its conclusion that the plaintiffs had no right to relief under § 12G-8, the court stated that it need not decide whether the plaintiffs were entitled to bring the suit as a class action. Finally, the court dismissed the claims for injunctive relief and for ordering refunds of the taxes paid. The plaintiffs took an appeal to the Court of Special Appeals, and, before any proceedings in the Court of Special Appeals, this Court granted the plaintiffs' petition and the defendants' cross-petition for a writ of certiorari.

The arguments in this Court have encompassed the gamut of issues involved in this case, such as whether the statutory remedy contained in Art. 81, §§ 214, 214C and 229, was the plaintiffs' exclusive remedy, whether the County's method for determining the property tax rates for fiscal 1979 violated Art. 81, § 12G-8, whether the County has standing to challenge the constitutionality of § 12G-8, whether the

---

2. Article 15 provides in pertinent part as follows:

"[T]hat the General Assembly shall, by uniform rules, provide for the separate assessment, classification and sub-classification of land, improvements on land and personal property, as it may deem proper; and all taxes thereafter provided to be levied by the State for the support of the general State Government, and by the Counties and by the City of Baltimore for their respective purposes, shall be uniform within each class or sub-class of land, improvements on land and personal property which the respective taxing powers may have directed to be subjected to the tax levy; . . ."

circuit court could properly consider the constitutionality of § 12G-8 on its own motion, whether § 12G-8 is constitutional, whether the action should have been certified as a class action, and whether the plaintiffs are entitled to tax refunds for fiscal 1979. However, because we agree with Anne Arundel County's argument on the first issue, namely that the special statutory remedy set forth in Art. 81, §§ 214, 214C and 229, was the only remedy available to the plaintiffs, and that the present action could not be maintained after the plaintiffs paid the taxes demanded by the County, we shall not consider any of the other issues discussed by the parties. Resolution of those issues must await a proper proceeding.

It is firmly established in this State that once a taxpayer voluntarily pays a tax or other governmental charge, under a mistake of law or under what he regards as an illegal imposition, no common law action lies for the recovery of the tax absent a special statutory provision sanctioning a refund. This is true even if payment is made under protest. Moreover, in these circumstances, no common law or declaratory judgment action lies to challenge the validity of a tax so paid. Where there is a special statutory provision sanctioning a refund, although no particular statutory remedy is provided, an action in assumpsit is available. However, where there is statutory authorization for a refund and a special statutory remedy set forth, that remedy is exclusive. These principles have recently been reviewed at length in *Baltimore County v. Xerox Corp.,* 286 Md. 220, 406 A.2d 917 (1979); *White v. Prince George's Co.,* 282 Md. 641, 650-654, 387 A.2d 260 (1978); and *Rapley v. Montgomery County,* 261 Md. 98, 274 A.2d 124 (1971).

Furthermore, the rule that no action lies to challenge the validity of a tax paid under a mistake of law, except for any refund sanction specifically provided by the Legislature, has been applied consistently by this Court, regardless of the nature of the legal attack mounted or the type of mistake of law claimed. *See, e.g., White v. Prince George's Co., supra,* 282 Md. at 646, 654 (tax claimed to be unconstitutionally retroactive); *Rapley v. Montgomery County, supra,* 261 Md.

at 110 (tax claimed to be arbitrary and discriminatory, violative of the Maryland Constitution, and invalidly adopted); *Wasena Housing Corp. v. Levay,* 188 Md. 383, 392, 52 A.2d 903 (1947) (tax attacked on the ground that the procedure used to assess property was improper); *Red Star Line v. Baughman,* 153 Md. 607, 611, 139 A. 291 (1927) (license fees claimed to be unconstitutional under the Commerce Clause); *Helser v. State,* 128 Md. 228, 231, 97 A. 539 (1916) (inheritance tax claimed to be invalid because of the situs of the mortgage involved); *Baltimore v. Harvey,* 118 Md. 275, 84 A. 487 (1912) (mistake as to the applicability of certain tax rates to particular real property); *Mayor, &c., of Baltimore v. Hussey,* 67 Md. 112, 9 A. 19 (1887) (personal property tax attacked on ground that it was invalidly applied to a nonresident); *Lester v. Mayor and City Council of Baltimore,* 29 Md. 415 (1868) (tax payment made under assessment subsequently declared invalid); *Morris v. Mayor & C.C. of Balt.,* 5 Gill. 244, 248 (1847) (tax assumed by Court to be unauthorized and invalid); *M. & C.C. of Balt. v. Lefferman,* 4 Gill. 425 (1846) (governmental charge imposed under unconstitutional statute). The cases make it clear that actions to challenge taxes paid under mistakes of law "are matters of grace with the Legislature." *Wasena Housing Corp. v. Levay, supra,* 188 Md. at 389.

If there had been no statutory provisions specifically dealing with refunds of county property taxes paid under a mistake of law, the plaintiffs may have been able to maintain an action for declaratory and injunctive relief from June 1, 1978, until the time when they paid the challenged taxes. Nevertheless, it is clear that the payment of the taxes during the pendency of the court proceedings terminated their right to continue. *See Little v. Bowers,* 134 U.S. 547, 556, 10 S. Ct. 620, 33 L. Ed. 1016 (1890) (payment of disputed taxes after the trial and during the pendency of appellate proceedings held to "extinguish" the cause of action); *San Mateo County v. Southern Pac. R.R. Co.,* 116 U.S. 138, 142, 6 S. Ct. 317, 29 L. Ed. 589 (1885) (because of the payment of taxes after the commencement of suit, "there is no longer an existing cause of action").

The existence of the special statutory administrative and judicial review remedy for the refund of county property taxes paid under a mistake of law, contained in Art. 81, §§ 214, 214C and 229, does not help the plaintiffs' position in the present litigation.[3] Before the taxes were paid, the existence of the statutory remedy may have given rise to an issue of whether the Legislature intended to allow an action for injunctive and declaratory relief or whether it intended that the special statutory remedy supplant such action and be exclusive. See the discussions in *White v. Prince George's Co., supra,* 282 Md. at 649-650; *Md.-Nat'l Cap. P. & P. v. Wash. Nat'l Arena,* 282 Md. 588, 595-599, 386 A.2d 1216 (1978); *State Dep't of A. & Tax. v. Clark,* 281 Md. 385, 401, 380 A.2d 28 (1977). However, after the disputed taxes were paid, no issue concerning any possible legislative intent to supplant an existing common law or declaratory judgment remedy could arise. No such alternate common law or declaratory judgment remedy existed. The *only* remedy was that provided by Art. 81, §§ 214, 214C and 229. *White v. Prince George's Co., supra.*

The plaintiff taxpayers argue that because their suit "is an attack upon the validity of an enactment as a whole," *i.e.,* upon the validity of the County's ordinance establishing the fiscal 1979 property tax rates, "clearly the controversy falls within the 'constitutional exception' to exhausting administrative remedies." (Appellants' brief, p. 54.) Principal reliance is placed upon *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 407 A.2d 738 (1979); *Md.-Nat'l Cap. P. & P. v. Wash. Nat'l Arena, supra,* 282 Md. at 598-604; *State Dep't of A. & Tax. v. Clark, supra,* 281 Md. at 403-405; *Md.-Nat'l Cap. P. & P. v. Rockville,* 269 Md. 240, 305 A.2d 122 (1973); *Poe v. Baltimore City,* 241 Md. 303, 308, 216 A.2d 707 (1966). However, none of those cases involved or discussed the situation presented here, namely

---

3. Under § 214, a person claiming to have paid more ordinary county taxes than properly and legally chargeable may file a written application for a refund. Section 214 goes on to set forth administrative procedures for dealing with such applications. Section 214C provides for appeals to the Maryland Tax Court "from the final determination of the refunding authority." Section 229 provides for judicial review of the Tax Court's decision.

a challenge to government taxes or charges after all of the plaintiffs had paid the demanded taxes or charges. Moreover, those cases were not concerned with a situation where the *only* relief available is the special administrative and judicial review remedy provided by statute. As explained in *White v. Prince George's Co., supra,* issues such as whether primary jurisdiction is in an administrative agency, whether a statutory administrative remedy must be exhausted, and whether the case falls within an "exception" to the usual requirement of pursuing and exhausting administrative remedies, can only arise where there exists a legally cognizable alternate remedy. We stated in *White* (282 Md. at 650-651):

> "However, there is a fundamental difference between the present case and the cases where a particular remedy provided by statute was not treated as exclusive. In those 'exceptional' cases, a recognized alternate remedy under either common law principles or under some other statute had been invoked. For example, in *Pressman v. State Tax Commission, supra,* the Court held that the plaintiffs were entitled to bring a declaratory judgment action as an alternative to the special remedy provided by the tax code. In other types of cases, a bill in equity could be brought as an alternative to the statutory remedy. *See* the review of such cases in *Poe v. Baltimore City, supra,* 241 Md. at 308-315. In other words, the question of whether the Legislature intended a particular statutory remedy to be exclusive only arises where the claimant is pursuing a possible alternate remedy. Where the type of action which the plaintiff is attempting to bring as an alternative to the special statutory remedy simply does not lie, logically no question of exclusiveness arises. In such a situation, it does not matter if the special statutory remedy is deemed inadequate or if some other exception to the general rule is present. If the only remedy presently available to a plaintiff is the special statutory remedy,

that remedy obviously must be followed. And with respect to the instant case, it is firmly established in Maryland that a common law action will not lie to recover taxes erroneously paid under a mistake of law."

In *White v. Prince George's Co., supra,* as in the instant case, the taxpayers were challenging the validity of a tax. It was claimed in *White* that the county ordinance setting the tax, and the state statute authorizing it at a particular rate, were unconstitutional. It was also claimed that the administrative refund remedy was inadequate.[4] Nevertheless, because the plaintiffs had paid the challenged tax, we held that the administrative and judicial review remedy for refunds, set forth in Art. 81 of the Code, was the only remedy available and precluded a direct action in the circuit court. The holding in *White* is dispositive here.[5]

Because the payment of the tax extinguished the plaintiffs' cause of action, the circuit court's denial of affirmative relief was correct. The decree, however, also included a declaration of rights concerning the constitutional and statutory construction issues relating to Art. 81, § 12G-8. As the plaintiffs were not entitled to maintain a declaratory judgment action after the payment of the tax, this is one of those rare cases where the declaratory judgment action should have been dismissed without a declaration of rights. *See Mauzy v. Hornbeck,* 285 Md. 84,

---

4. In this connection, it is noteworthy that when taxpayers later pursued the statutory administrative and judicial review remedy, the tax involved in *White* was invalidated. Washington Nat'l Arena v. Pr. Geo's Co., 287 Md. 38, 410 A.2d 1060, cert. denied, U.S., 101 S. Ct. 106, 66 L. Ed. 2d 40 (1980).

5. In their reply brief, the plaintiffs also rely upon Mont. Co. Bd. of Realtors v. Mont. Co., 287 Md. 101, 411 A.2d 97 (1980), and Garrett County v. Bolden, 287 Md. 440, 413 A.2d 190 (1980). However, these cases do not support the plaintiffs' position. *First,* in neither case was any issue raised concerning the type of action brought. *Second,* in neither case had all of the plaintiffs paid the challenged tax. The record in the *Mont. Co. Bd. of Realtors* case discloses that the Board of Realtors, one of the plaintiffs and property owners, had not paid the tax. In *Bolden,* none of the plaintiffs had paid the tax. Rather, *Bolden* was an action to enjoin the collection of the allegedly illegal portion of the tax.

90-91, 400 A.2d 1091 (1979); *Shapiro v. County Comm.*, 219 Md. 298, 302-303, 149 A.2d 396 (1959).

> *Judgment of the Circuit Court for Anne Arundel County vacated, and case remanded to that court with directions to dismiss the bill of complaint.*
> *Costs to be paid by the plaintiffs.*