468 A.2d 325

**POTOMAC ELECTRIC POWER COMPANY**

v.

**PRINCE GEORGE'S COUNTY, Maryland et al.**

**No. 102, Sept. Term, 1983.**

Court of Appeals of Maryland.

Dec. 22, 1983.

186

William Dana Shapiro, Washington, D.C. (Edward F. Shea, Jr., Baltimore, and Edward A. Caine, Washington, D.C., on the brief), for appellant.

Amicus Curiae brief of Baltimore Gas and Electric Company filed. James A. Biddison, Jr. and Michael D. Rind, Baltimore, on the brief.

David S. Bliden, Associate County Atty., Upper Marlboro (Thomas P. Smith, County Atty., and Michael O. Connaughton, Deputy County Atty., Upper Marlboro, on the brief) for appellees.

Amicus Curiae brief of Maryland Chamber of Commerce filed. Shale D. Stiller, Jay I. Morstein, William L. Reynolds, Evelyn W. Pasquier, Frank, Bernstein, Conaway & Goldman and J. Cookman Boyd, Jr., Baltimore, on the brief.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

The petitioner Potomac Electric Power Company brought this action in the Circuit Court for Prince George's County, praying for "a decree declaring unlawful and unconstitutional the Ordinance and Resolution of the Prince George's County Council taxing personal property at a different and higher rate than real property located in the County and for a permanent injunction restraining and enjoining the enforcement of the provisions of the Ordinance and Resolution." (Appellant's brief, p. 1.) Following a trial, the circuit court denied injunctive relief and issued a declaratory judgment upholding the validity of the County's actions.

Potomac Electric Power Company appealed to the Court of Special Appeals. Prior to any proceedings in that court, cross-petitions for certiorari were granted by us. The questions presented in the petition and the brief of Potomac Electric Power Company are as follows (appellant's brief, pp. 2–3):

"1. In light of the public general laws of the State of Maryland requiring the enactment by counties of one, single tax rate for all property, are the Ordinance and Resolution of the County Council for Prince George's County establishing a rate of tax for personal property different from, and higher than, the rate for real property in conflict with State law and, therefore, unlawful and of no force and effect?

"2. In light of the facts (a) that the power of counties to tax is a delegated power which exists only when, and to the extent, granted by the State, and (b) that there is no grant of authority for charter counties such as Prince George's County either to classify property for taxing purposes or to establish different rates of tax for different classes of property or partially to exempt real property from the county tax rate, are the Ordinance and Resolution of the County Council for Prince George's County establishing different rates of tax for different classes of property *ultra vires* and beyond the powers granted to Appellee Prince George's County?

"3. In light of the fact that the Ordinance and the Resolution of the County Council of Prince George's County authorize and establish a tax rate for personal property which is different from, and higher than, the tax rate for real property, may the County tax operating property improvements on land (which are classified by the State Department of Assessments and Taxation as real property and are, in fact and law, permanent fixtures on land and real property) at the higher rate pursuant to the purported authority of the Ordinance and Resolution?

"4. In light of the facts (a) that the foregoing Ordinance of the County Council for Prince George's County was adopted as an emergency measure when no true emergency existed, and (b) that the title of the foregoing Ordinance of the County Council does not specify the intention to tax operating property improvements on land at a rate different from and higher than the rate for other real property, is the taxation of Appellant's operating tangible personal property and its operating property improvements on land based upon invalid local legislative enactments?

"5. Does Appellee's taxation of operating tangible personal property and operating property improvements on land under the purported authority of local law deprive Appellant and others similarly situated of equal protection of the laws and of substantive and procedural due process

of law in contravention of the provisions of the United States Constitution and the Declaration of Rights of the Constitution of Maryland?"

During oral argument, in response to questions from the Court, the parties disclosed that the full amount of the taxes in dispute for the period in controversy were paid by the Potomac Electric Power Company to the County prior to the commencement of the trial in the circuit court. It was also represented that Prince George's County officials had undertaken not to spend the disputed money until this case was terminated. A letter in the record from Potomac Electric Power Company to Prince George's County suggests that some undertaking of this nature was made by a county official, although its precise nature and extent is unclear.

Recently in *Apostol v. Anne Arundel County,* 288 Md. 667, 672, 421 A.2d 582, 585 (1980), this Court reviewed the law, applicable to the situation before us, as follows:

"It is firmly established in this State that once a taxpayer voluntarily pays a tax or other governmental charge, under a mistake of law or under what he regards as an illegal imposition, no common law action lies for the recovery of the tax absent a special statutory provision sanctioning a refund. This is true even if payment is made under protest. Moreover, in these circumstances, no common law or declaratory judgment action lies to challenge the validity of a tax so paid. Where there is a special statutory provision sanctioning a refund, although no particular statutory remedy is provided, an action in assumpsit is available. However, where there is statutory authorization for a refund and a special statutory remedy set forth, that remedy is exclusive. These principles have recently been reviewed at length in *Baltimore County v. Xerox Corp.,* 286 Md. 220, 406 A.2d 917 (1979); *White v. Prince George's Co.,* 282 Md. 641, 650–654, 387 A.2d 260 (1978); and *Rapley v. Montgomery County,* 261 Md. 98, 274 A.2d 124 (1971)."

We went on in *Apostol* to set forth the scope of this principle (288 Md. at 672–673, 421 A.2d 582):

"Furthermore, the rule that no action lies to challenge the validity of a tax paid under a mistake of law, except for any refund sanction specifically provided by the Legislature, has been applied consistently by this Court, regardless of the nature of the legal attack mounted or the type of mistake of law claimed. *See, e.g., White v. Prince George's Co., supra,* 282 Md. at 646, 654 [387 A.2d 260] (tax claimed to be unconstitutionally retroactive); *Rapley v. Montgomery County, supra,* 261 Md. at 110 [274 A.2d 124] (tax claimed to be arbitrary and discriminatory, violative of the Maryland Constitution, and invalidly adopted); *Wasena Housing Corp. v. Levay,* 188 Md. 383, 392, 52 A.2d 903 (1947) (tax attacked on the ground that the procedure used to assess property was improper); *Red Star Line v. Baughman,* 153 Md. 607, 611, 139 A. 291 (1927) (license fees claimed to be unconstitutional under the Commerce Clause); *Helser v. State,* 128 Md. 228, 231, 97 A. 539 (1916) (inheritance tax claimed to be invalid because of the situs of the mortgage involved); *Baltimore v. Harvey,* 118 Md. 275, 84 A. 487 (1912) (mistake as to the applicability of certain tax rates to particular real property); *Mayor, [etc.], of Baltimore v. Hussey,* 67 Md. 112, 9 A. 19 (1887) (personal property tax attacked on ground that it was invalidly applied to a nonresident); *Lester v. Mayor and City Council of Baltimore,* 29 Md. 415 (1868) (tax payment made under assessment subsequently declared invalid); *Morris v. Mayor & C.C. of Balt.,* 5 Gill. 244, 248 (1847) (tax assumed by Court to be unauthorized and invalid); *M. & C.C. of Balt. v. Lefferman,* 4 Gill. 425 (1846) (governmental charge imposed under unconstitutional statute). The cases make it clear that actions to challenge taxes paid under mistakes of law "are matters of grace with the Legislature." *Wasena Housing v. Levay, supra,* 188 Md. at 389 [52 A.2d 903]."

In the *Apostol* case, where the taxpayers paid the demanded tax during the pendency of their suit for declaratory and

injunctive relief, we held that "the payment of the tax extinguished the plaintiffs' cause of action" and that the bill of complaint should have been dismissed without a declaration of rights. *Id.* 288 Md. at 676, 421 A.2d 582.

In a post-argument memorandum filed with permission of the Court, the Potomac Electric Power Company argues that the undertaking of Prince George's County officials not to spend the money distinguishes this case from *Apostol* and the cases cited therein. In our view, this purported undertaking, whatever its legal effect, does not remove this case from the above-discussed principle.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY VACATED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE BILL OF COMPLAINT. COSTS TO BE PAID BY THE PLAINTIFF. MANDATE TO ISSUE FORTHWITH.