483 A.2d 1276

Louis L. GOLDSTEIN et al.

v.

TIME–OUT FAMILY AMUSEMENT CENTERS, INC.

No. 47, Sept. Term, 1984.

Court of Appeals of Maryland.

Nov. 28, 1984.

Linda Koerber Boyd, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellants/cross appellees.

J. William Pitcher and Thomas M. Downs, Annapolis, for appellees/cross appellants.

Argued before MURPHY, C.J., SMITH, COLE, RODOW-SKY and COUCH, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

COUCH, Judge.

In this appeal we are principally concerned with whether the Circuit Court for Anne Arundel County erred in overruling appellant's demurrer to appellee's Bill of Complaint for Declaratory Judgment. We conclude that it did and thus reverse.

The appellee, Time-Out Family Amusement Centers, Inc. (Time-Out), owns and operates family amusement centers in various Maryland locations. In doing so it derives funds from amounts charged for the use of coin operated games and amusement devices.

By sections 402 through 411 of Article 81, Annotated Code of Maryland, entitled "Admissions and Amusement Tax," the General Assembly has provided a comprehensive scheme, should any county so resolve, for the levy and collection of taxes on the admission to certain specified places where performances are furnished (cabaret); for the use of sporting or recreational facilities or equipment; and for games of entertainment. The maximum rate is spelled out in § 403. Section 404 requires that any such tax levied is to be collected by the Comptroller of the State. Section 405 requires anyone subject to the tax to make a return to the Comptroller. What gives rise to the present controversy is § 406, which provides for certain exemptions, to be discussed later. Section 407A provides the mechanism for assessment of taxes due and for relief to the taxpayer in the form of revision of the assessment, refund application, formal hearing before the Comptroller, and appeal to the Maryland Tax Court. The remaining sections are not pertinent to this appeal.

Time-Out, aggrieved by its assessment,[1] filed a declaratory judgment action (later amended) against the Comptroller, in the Circuit Court for Anne Arundel County, seeking to have the court declare Section 406 and one of the Comptroller's implementing regulations, COMAR 03.01.01.01, unconstitutional as violating the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 24 of the Maryland Declaration of Rights. The Bill also sought a declaration that the statute and regulations violated the provisions of Article 15 of the Maryland Declaration of Rights regarding uniformity of taxation; we understand this contention to have been abandoned and thus do not address it.

The appellant demurred to the Amended Bill, specifically raising the failure of appellee to "exhaust all statutory procedures provided by law for administrative and judicial review of admissions and amusement tax assessments...." The court passed an order, after hearing counsel and considering memoranda, by which the demurrer was overruled and dismissed; no reason therefor was given in the order, nor was the hearing transcribed, and we are thus unable to discern from the record the court's reasoning. In any event, the appellant duly answered the Bill and subsequently moved for a summary judgment; this was denied and the matter proceeded to hearing on the merits. The trial judge ultimately rendered a written declaration which essentially held that exemption sub-sections 406(3), (5), and (6) of Article 81 were unconstitutional. It was further found that these exemption sub-sections were to be severed from "the rest of the Admissions and Amusement tax law in Article 81, Section 402 *et seq.*" Finally, the court declared "the regulation in COMAR 03.01.01.01 allowing a particular class of persons charging admissions to pay the tax on a 'tax included' basis is unconstitutional as it is in violation of the equal protection clause of the Fourteenth Amendment to

---

1. Time-Out makes no claim for refund, however. See *Apostol v. Anne Arundel County,* 288 Md. 667, 421 A.2d 582 (1980).

the United States Constitution and Article 24 of the Maryland Declaration of Rights."

Thereafter, the appellant appealed and a cross-appeal was noted by Time-Out. We granted certiorari before consideration by the Court of Special Appeals in order to determine questions of public importance.

The Comptroller's brief presents the following questions:

"I. Should the Circuit Court have dismissed the declaratory judgment action brought to challenge a taxation statute for which the General Assembly has provided a specific statutory remedy?

II. Did the Circuit Court, in finding certain exemptions to the Admissions and Amusement Tax Act to be unconstitutional, ignore the well-established principle of avoidance of unnecessary constitutional adjudications?

III. Do the exemptions to the Admissions and Amusement Tax Act set forth in § 406(3), (5) and (6) of Article 81 of the Maryland Annotated Code violate the Equal Protection Clause or Article 24 of the Maryland Declaration of Rights?

Did the Circuit Court incorrectly place the burden on the State to defend the classifications contrary to the well-established standard set forth by the Supreme Court and the Maryland Court of Appeals.

IV. Does COMAR 03.01.01.01 which permits certain vendors which charge admission to a place to operate on a "tax included basis", violate the Equal Protection Clause or Article 24 of the Maryland Declaration of Rights?"

Time-Out raises two issues by its cross-appeal:

"I. Did the Circuit Court, having found § 406(3), (5), and (6) and COMAR 03.01.01.01 to be unconstitutional, correctly sever those provisions from the remainder of the Admissions and Amusement Tax Act and regulations?

II. Did the Circuit Court, having found portions of § 406 to be unconstitutional, correctly sever the allegedly unconstitutional portions and uphold the remaining por-

tion of § 406 and the Admissions and Amusement Tax Act?"

The Comptroller's first issue addresses the trial court's denial of its demurrer to Time-Out's declaration. The Comptroller may properly argue against that ruling on appeal. Former Rule 345(d) [2] ; *Inter-City Co. v. Baltimore County*, 218 Md. 80, 85, 145 A.2d 263, 265 (1958).

In the view we take as to the Comptroller's first issue we need not consider his remaining issues nor those raised by Time-Out; this is so because we hold that the trial court erred in overruling the Comptroller's demurrer. We explain.

■ In *State Dep't of Assessments & Taxation v. Clark*, 281 Md. 385, 403–04, 380 A.2d 28, 39 (1977) [footnotes omitted], Judge Orth wrote for the Court:

"We have indicated, *supra,* that when an administrative remedy is provided by statute, relief provided under those statutory provisions must be exhausted before a litigant may resort to the courts. That is, such a remedy is exclusive, and the administrative body must not be by-passed by pursuing other remedies. *Du Bois v. City of College Park, supra* [280 Md. 525, 533, 375 A.2d 1098, 1104 (1977) ], and cases therein cited. However, '[t]here are few absolutes in the law, and the rule that an administrative remedy must be exhausted before recourse is had to the courts is not one of them.' *Poe v. Baltimore City*, 241 Md. 303, 308, 216 A.2d 707 (1966). There are general statements in past opinions of this Court, which taken apart from the actual decisions involved, appear to support the claim that even though there be an adminis-

**2.** Under the Rules of Procedure, effective July 1, 1984, demurrers have been eliminated. Former Rule 345 has been replaced by Rule 2–322(b)(2). Former Rule 345(d) is as follows:

"If a demurrer is overruled, the party demurring shall have the right to plead to the merits without withdrawing such demurrer, and upon an appeal he shall be entitled to have the questions of law arising thereunder decided as fully as if he had not pleaded to the merits."

trative remedy, a court of equity may intervene and act when a constitutional question is involved. *See Schneider v. Pullen,* 198 Md. 64, 68, 81 A.2d 226 (1951); *Kracke v. Weinberg,* 197 Md. 339, 343, 79 A.2d 387 (1951). The law on the matter was made clear in *Poe.* It declared that where there is full opportunity for a property owner to protest an assessment to administrative agencies and adequate provisions for judicial review of the agencies' action, a court shall not take jurisdiction unless the administrative remedies have been exhausted. This is so even though a constitutional issue has been raised, when that issue goes to the application of a general statute to a particular situation, as contrasted with a constitutional attack upon the validity of a general enactment as a whole, which is reviewable in any event. *Id.* at 308–309 [216 A.2d 707]. The *Poe* rule was fully in accord with prior decisions of this Court, and has since been affirmed and consistently applied."

Reaffirming this rule in *Harbor Island Marina v. Calvert County,* 286 Md. 303, 308, 407 A.2d 738, 741 (1979), Judge Digges said for the Court:

"In explaining our reasons, we initially recognize that when an administrative remedy is statutorily directed, the nature of the relief specified by the enactment must ordinarily be utilized as a prerequisite to court action. *Md.-Nat'l Cap. P. & P. v. Wash. Nat'l Arena,* 282 Md. 588, 594–95, 386 A.2d 1216, 1222 (1978); *State Dep't of A. & Tax. v. Clark,* 281 Md. 385, 403, 380 A.2d 28, 39 (1977). However, as we pointed out in *Clark,* ' "[t]here are few absolutes in the law, and the rule that an administrative remedy must be exhausted before recourse is had to the courts is not one of them." ' *Id.* (quoting from *Poe v. Baltimore City,* 241 Md. 303, 308, 216 A.2d 707, 709 (1966)).

\*        \*        \*        \*        \*        \*

Although there is language in *Soley v. St. Comm'n on Human Rel.,* 277 Md. 521, 527–28, 356 A.2d 254, 258 (1976) that arguably could be said to indicate otherwise,

we here explain that the 'constitutional exception' to which we have just alluded permits a judicial determination without administrative exhaustion when there is a direct attack upon the power or authority (including whether it was validly enacted) of the legislative body to adopt the legislation from which relief is sought."

Thus it is apparent that to come within the "constitutional attack" exception to the general rule concerning the exhaustion of administrative remedies, the attack must be made to the constitutionality of the statute as a whole and not merely as to how the statute has been applied. In our view the constitutional attack here was not to the statute as a whole. .

▪ Although Time-Out originally claimed to attack the exemption statute in its entirety, it is clear to us that its real protest focused upon the statutory exemptions granted to recreational businesses,[3] and not upon the exemptions for non-profit and charity institutions which are also contained in § 406. At trial, Time-Out conceded it was not attacking the non-profit and charity exemptions. Thus, we believe Time-Out was not attacking the General Assembly's legislative power to enact exemptions to a general taxation scheme. It merely attacked certain exemptions granted to businesses similar to its own. Absent an attack upon the legislative power, Time-Out must exhaust its administrative remedies (pursuant to § 407) before seeking a judicial determination. *Harbor Island Marina, supra,* 286 Md. at 308, 407 A.2d at 741.

· ▪ Time-Out next attacks COMAR 03.01.01.01, which states in pertinent part:

"Liability for the tax exists on every person, firm, or corporation deriving gross receipts from the amounts charged for admissions, etc., as defined in the Act. These persons, firms, or corporations may, however, charge and

---

**3.** These businesses are bowling lanes, boxing and wrestling matches, tennis courts, and charter fishing.

collect from the purchaser of any of these admissions the amount of the tax imposed on the gross receipts derived from these admissions as part of the purchase price charged for the admissions. If the tax is collected by any person, firm, or corporation, the tax imposed on the gross receipts shall be separately stated or the words, 'tax included,' shall be stated on any of these admissions as to the amount of tax paid by the purchaser on any of these admissions."

Once again Time-Out relies upon the "constitutional attack" exception to the administrative remedies doctrine. Time-Out claims a violation of its right to equal protection based upon the Comptroller's decision to allow some businesses to use the "tax included" option while denying Time-Out that economic advantage. Time-Out's Bill of Complaint alleges that the Comptroller construed the regulation "to allow one class of persons to pass on the tax while prohibiting another class of persons from passing on the tax...." Thus Time-Out disagrees with the Comptroller's interpretation of the regulation. In reality what Time-Out attacks, then, is the application of the regulation to itself, and when the attack is upon the application of a regulation to a particular situation, administrative remedies must be exhausted first.[4] *State Dep't of Assessments & Taxation v. Clark, supra,* 281 Md. at 404, 380 A.2d at 39.

██ Finally, Time-Out maintains that the statutory administrative remedy does not provide it with an adequate remedy since neither the Comptroller nor the Maryland Tax Court can decide constitutional issues. Time-Out's argument is without merit. *See Apostol, supra,* 288 Md. 667, 421 A.2d 582 (1980) and *White v. Prince George's County,* 282 Md. 641, 387 A.2d 260 (1978).

---

**4.** We have held that for purposes of applying the exhaustion of remedies doctrine, a regulation shall be treated as a statute, and therefore subject to the general rule of the exhaustion doctrine. *Md. Comm'n on Human Relations v. Bethlehem Steel,* 295 Md. 586, 457 A.2d 1146 (1983).

Thus this case does not present a matter which falls within the exception to the general rule of exhaustion of administrative remedies. Accordingly, the trial court erred in denying appellant's demurrer.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY WITH DIRECTION TO DISMISS THE BILL OF COMPLAINT. COSTS TO BE PAID BY APPELLEE.