703 A.2d 144

**Rudolph Albert BOWMAN et al.,**

v.

**David A. GOAD, Sheriff of Allegany County et al.**

**No. 51, Sept. Term, 1997.**

Court of Appeals of Maryland.

Dec. 9, 1997.

Alan Hilliard Legum (Frederick R. Franke, Jr., Annapolis: Lloyd Clinton, Jr., Law Office of Michael Gilligan, Glen Burnie, all on brief), for Appellants.

Julia M. Freit, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Appellees.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, and ROBERT L. KARWACKI, J. (Retired, Specially Assigned).

ELDRIDGE, Judge.

Rudolph Albert Bowman, for "himself and others similarly situated," instituted this "class action" by filing a complaint in the Circuit Court for Anne Arundel County. Bowman sought, on behalf of all members of the class, "to be recompensed for ... wrongly charged fees" paid to sheriffs for serving process in motor vehicle prosecutions. Named as defendants were the sheriffs of 22 Maryland counties and of Baltimore City.[1] The complaint alleged that the sheriffs had unlawfully "received fees from [the] plaintiffs" and that Maryland Code (1977, 1992 Repl.Vol.), § 26–410 of the Transportation Article, which states that a "sheriff is not entitled to any fee for services rendered in connection with a prosecution under the vehicle laws of this state," should have precluded the collection of these fees.[2] The only relief sought was money damages,

---

**1.** The Sheriff of Carroll County was not named as a defendant. Whether there was a reason for this omission, or whether it was inadvertent, is not apparent from the record.

**2.** Maryland Code (1977, 1992 Repl.Vol., 1997 Supp.), § 26–410 of the Transportation Article currently provides as follows:

"§ 26–410. Fees for Sheriffs.

representing compensation for the fees paid, plus attorney's fees.

In response, the Attorney General's Office, on behalf of the sheriffs, filed a "Motion for Dismissal or Summary Judgment," arguing that the language of Code (1973, 1995 Repl.Vol.), § 7–402 of the Courts and Judicial Proceedings Article, controlled and authorized the collection of the fees.[3] Following a hearing, the circuit court agreed with the Attorney General's interpretation of the statutes and granted the defendants' motion for summary judgment.

Bowman appealed to the Court of Special Appeals. Prior to consideration of the appeal in that court, we issued a writ of certiorari. The issues presented in Bowman's brief are as follows:

"1. Whether a statute stating that '[a] sheriff is not entitled to any fee for services rendered in connection with a prosecution under the vehicle laws of this state' precludes sheriffs from charging and collecting fees for service of papers in a prosecution of motor vehicle cases.

"2. Whether resort to the legislative history of a statute is appropriate when the statute is plain on its face.

"3. Whether an explicit statement of the purpose of a statute as contained in the legislative history may be ignored on the theory that the General Assembly was wrong in an underlying assumption as to the existing law."

---

"Notwithstanding any local law to the contrary, a sheriff is not entitled to any fee for services rendered in connection with a prosecution under the vehicle laws of this State *in excess of the fees prescribed for sheriffs by § 7–402 of the Courts Article."* (Italics added).
The italicized language was added after this suit was filed, by Ch. 32 of the Acts of 1997.

3. Section 7–402 of the Courts and Judicial Proceedings Article states, in relevant part, as follows:
   "§ 7–402. Sheriff's fees.
      "(a) Fees.—Except as provided in subsection (b) of this section, a sheriff shall collect the following fees:

                    \*     \*     \*     \*     \*     \*

      "(2) $30 for service of a paper not including an execution or attachment."

We shall not, however, be able to reach these issues.   More-over, the circuit court should not have decided the merits of the statutory interpretation question debated by the parties. Even accepting *arguendo* Bowman's interpretation of the stat-utory provisions prior to the 1997 amendment, his complaint failed to set forth a cause of action and should have been dismissed.

     At oral argument before us, both sides conceded that there was no statutory provision specifically authorizing a suit of this nature, and this Court is aware of no such provision. The general rule in Maryland is that no common law action lies for the recovery of taxes or governmental fees which the plaintiff has voluntarily paid under a mistake of law, and that any statutorily prescribed refund remedy is exclusive.   The controlling principles were summarized by this Court in *Apos-tol v. Anne Arundel County,* 288 Md. 667, 672–673, 421 A.2d 582, 585 (1980), as follows:

> "It is firmly established in this State that once a taxpayer voluntarily pays a tax or other governmental charge, under a mistake of law or under what he regards as an illegal imposition, no common law action lies for the recovery of the tax absent a special statutory provision sanctioning a refund.   This is true even if payment is made under protest. Moreover, in these circumstances, no common law or declar-atory judgment action lies to challenge the validity of a tax so paid.   Where there is a special statutory provision sanc-tioning a refund, although no particular statutory remedy is provided, an action in assumpsit is available. . . .   [W]here there is statutory authorization for a refund and a special statutory remedy set forth, that remedy is exclusive.

*    *    *    *    *    *

> "Furthermore, the rule that no action lies to challenge the validity of a tax paid under a mistake of law, except for any refund sanction specifically provided by the Legislature, has been applied consistently by this Court, regardless of the nature of the legal attack mounted or the type of mistake of law claimed."

Moreover, for reasons of public policy, this Court will sua sponte raise and apply the above-summarized principles. *See, e.g., Nordheimer v. Montgomery County,* 307 Md. 85, 96, 512 A.2d 379, 385–386 (1986); *Potomac Elec. Power v. P.G. County,* 298 Md. 185, 189, 468 A.2d 325, 327 (1983).

The general doctrine that payments of taxes or other governmental fees or charges, voluntarily made under a mistake of law, are not recoverable in a common law action, and that any statutorily prescribed refund procedure is ordinarily the exclusive remedy, has been applied by this Court in a wide variety of situations. In addition to the cases previously cited, *see, e.g., Wash. Sub. San. Com'n v. C.I. Mitchell & Best,* 303 Md. 544, 572–578, 495 A.2d 30, 44–48 (1985) (allegedly unauthorized water and sewer connection charges, paid by developers, could not be recovered in a declaratory judgment or common law action, because the charges were "voluntarily paid" even though the developers could not obtain plumbing or building permits without first paying the connection charges); *White v. Prince George's Co.,* 282 Md. 641, 646, 650–654, 387 A.2d 260, 263–264, 266–268 (1978) (tax claimed to be unconstitutionally retroactive); *Rapley v. Montgomery County,* 261 Md. 98, 103–110, 274 A.2d 124, 127, 131 (1971) (transfer taxes, paid under protest and challenged on constitutional grounds, not recoverable in a common law action); *Wasena Housing Corp. v. Levay,* 188 Md. 383, 387–391, 52 A.2d 903, 95–907 (1947) (property taxes, paid under protest and required to be paid for the deed to be recorded, were "voluntarily paid" and could not be recovered in a common law action); *Red Star Line v. Baughman,* 153 Md. 607, 611, 139 A. 291, 293 (1927) (involved license fees claimed to be unconstitutional under the Commerce Clause); *Helser v. State,* 128 Md. 228, 231, 97 A. 539, 540 (1916); *Baltimore v. Harvey,* 118 Md. 275, 277–278, 84 A. 487, 490–491 (1912); *Monticello Distilling Co. v. Baltimore City,* 90 Md. 416, 433, 45 A. 210, 214 (1900); *Mayor, etc. of Baltimore v. Hussey,* 67 Md. 112, 115–117, 9 A. 19, 20–21 (1887); *Lester v. Mayor and City Council of Baltimore,* 29 Md. 415, 417–420 (1868); *Morris v. Mayor & C.C. of Balt.,* 5

Gill. 244, 248 (1847); *M. & C.C. of Balt. v. Lefferman,* 4 Gill. 425, 430–431 (1846).

Furthermore, the General Assembly has now provided broad administrative refund remedies covering every type of tax, fee, or charge improperly collected by a Maryland governmental entity. Code (1988), § 13–901(a)(2) of the Tax–General Article authorizes a refund claim by a claimant who "pays to the State a tax, fee, charge, interest, or penalty that is erroneously, illegally, or wrongfully assessed or collected in any manner...." Code (1957, 1996 Repl.Vol.), Art. 24, § 9–710, authorizes an administrative refund claim by a claimant who "[p]ays to a county or municipal corporation a tax, fee, charge, interest, or penalty that is erroneously, illegally, or wrongfully assessed or collected in any manner." If the defendant sheriffs had unlawfully collected fees from the plaintiff Bowman and the other members of the putative class, each one had an administrative remedy. As our cases make clear, that administrative remedy is exclusive. *Nordheimer v. Montgomery County, supra,* 307 Md. at 97, 512 A.2d at 385; *Apostol v. Anne Arundel County, supra,* 288 Md. at 672, 421 A.2d at 585; *White v. Prince George's Co., supra,* 282 Md. at 650–654, 387 A.2d at 265–268.

*JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY VACATED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE COMPLAINT. COSTS TO BE PAID BY THE APPELLANT RUDOLPH ALBERT BOWMAN.*