707 A.2d 953

Melvin HECKSTALL

v.

STATE of Maryland.

No. 1151, Sept. Term, 1997.

Court of Special Appeals of Maryland.

April 3, 1998.

Antonio Gioia, Assigned Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Patricia Jessamy, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before WENNER, THIEME and BYRNES, JJ.

WENNER, Judge.

Appellant, Melvin Heckstall, was convicted by a jury in the Circuit Court for Baltimore City of possession of and conspiracy to distribute heroin, and sentenced to concurrent terms of four years. On appeal, we are presented with the following questions, which we have reordered:

 I. Was the evidence sufficient to sustain appellant's conviction for conspiracy to distribute heroin?

 II. Did the trial court err in denying appellant's motion to set aside the conviction for conspiracy to distribute heroin?

 III. Did the trial court err in re-instructing the jury on the definition of possession?

Although we shall reverse appellant's conviction for conspiracy to distribute heroin, we shall otherwise affirm the judgment of the circuit court.

## Facts

On 2 February 1997, two Baltimore City Housing Authority patrol officers noticed appellant standing outside a bar located adjacent to the Flag House Court housing complex,[1] accompanied by one Benjamin Crosby. As they watched, appellant and his companion appeared to engage in several drug transactions.[2] The testimony at trial indicated that Crosby had participated little, if at all, in these transactions. During the final transaction, however, appellant accepted cash from a young woman named Vernetta Shears, and passed it on to Crosby.

Appellant and Crosby were subsequently arrested. Appellant was charged with distribution of heroin, possession of heroin with intent to distribute, possession of heroin, conspiracy to distribute heroin, trespassing, disorderly conduct, and loitering. Crosby was charged only with conspiracy to distribute heroin, conspiracy to possess heroin, and loitering. Prior to trial, the State dismissed a number of these charges.

Appellant and Crosby were then tried jointly before a jury for possession of heroin, conspiracy to distribute heroin, and trespassing, and conspiracy to possess heroin, and conspiracy to distribute heroin. Although Crosby was acquitted of all charges, appellant was convicted of possession of and conspiracy to distribute heroin, and sentenced to concurrent terms of four years.

---

1. Although in uniform, the officers covertly surveilled appellant from the sixth floor of a building across from the bar in question.

2. In each transaction, appellant was approached by one or more individuals, followed by a brief conversation and an exchange of cash. Appellant would then enter the housing complex and return moments later with an object that appeared to be heroin. After receiving the object, the individual who had approached and exchanged cash with appellant, would depart.

**I.**

Appellant first challenges his conviction for conspiracy to distribute heroin. In his view, the State failed to prove that he had entered into a conspiracy to distribute heroin with either Crosby or Shears. We agree.

 "Conspiracy is defined as the combination of two or more persons, who, by some concerted action, seek to accomplish some unlawful purpose, or lawful purpose by unlawful means." *Rich v. State,* 93 Md.App. 142, 151, 611 A.2d 1034 (1992). "The crime of conspiracy is complete when the unlawful agreement is reached." *Anthony v. State,* 117 Md.App. 119, 126, 699 A.2d 505 (1997), *cert. denied,* 348 Md. 205, 703 A.2d 147 (1997). In other words, "The essence of a criminal conspiracy is an unlawful agreement." *Id.*

Appellant believes that evidence of the single "buyer-seller" transaction with Shears does not constitute a conspiracy to distribute heroin. As the State's evidence supports the view that Shears was simply purchasing a small amount of heroin for her personal use, it becomes a question of whether such a transaction constitutes a conspiracy to distribute heroin? This appears to be a question of first impression in Maryland.

In support of his position, appellant cites *United States v. Morris,* 836 F.2d 1371, 1374 (D.C.Cir.1988)("[T]he government presented no evidence that distinguishes this from the paradigm casual buyer-seller relationship.... There are no indications that appellants had knowledge of and formed the intent to promote conspiracy."); *United States v. Bailey,* 607 F.2d 237, 245 (9th Cir.1979), *cert. denied,* 445 U.S. 934, 100 S.Ct. 1327, 63 L.Ed.2d 769 (1980)("contrary to the government's contention that it is enough to show that [appellant] was a purchaser, proof of the conspiracy count requires that he be connected directly or circumstantially with a larger overall scheme to distribute narcotics"); *United States v. Brown,* 872 F.2d 385 (11th Cir.1989), *cert. denied,* 493 U.S. 898, 110 S.Ct. 253, 107 L.Ed.2d 203 (1989)(*quoting U.S. v. Bascaro,* 742 F.2d 1335, 1359 (11th Cir.1984)) ("the existence of a simple buyer-seller relationship alone does not furnish the

requisite evidence of a conspiratorial agreement."); *United States v. Douglas*, 818 F.2d 1317 (7th Cir.1987) (the district court's failure to give the defendant's proposed instruction that a simple buyer-seller relationship alone does not establish conspiracy denied the defendants a fair trial.) [3]

During our research, we have reviewed several decisions from our sister jurisdictions dealing with conspiracy to distribute a controlled dangerous substance. For example, in Virginia it has been determined that, "[a]s a general rule a single buyer seller relationship, standing alone, does not constitute a conspiracy." *Zuniga v. Commonwealth*, 7 Va.App. 523, 528, 375 S.E.2d 381 (1988). In *Commonwealth v. Derr*, 501 Pa. 446, 462 A.2d 208 (1983), the Pennsylvania Supreme Court concluded: "Although a person participates in a criminal activity which is the object of the conspiracy, his actions will not support a conviction for conspiracy without proof of an agreement and participation pursuant to that agreement." (Citation omitted.) Although the Second Circuit Court of Appeals acknowledged the buyer-seller doctrine in *U.S. v. Medina*, 944 F.2d 60, 65 (1991), *cert. denied*, 503 U.S. 949, 112 S.Ct. 1508, 117 L.Ed.2d 646 (1992), the Court went on to say: "This rationale does not apply ... when, as here, there is advanced planning among the co-conspirators to deal in whole-sale quantities of drugs obviously not intended for personal use." In other words, there must be evidence of advanced planning among co-conspirators in order to establish a conspiracy to distribute drugs.

The common thread running through these decisions is that, standing alone, a single buyer-seller transaction ordinarily does not constitute a conspiracy. Of course, this is the situation in the case at hand. As the Pennsylvania Supreme Court emphasized in *Derr*, the essence of a conspiracy is the agreement to further the criminal goal. Logically, a conspira-

---

**3.** Interestingly, none of these cases involve a transaction such as that between Shears and appellant, in which one capsule of heroin was exchanged for cash. This further leads us to conclude that the Shears transaction did not constitute conspiracy.

cy to distribute heroin requires evidence that two or more persons agreed to "distribute" the heroin to others. In sum, evidence of one or more persons selling quantities of controlled dangerous substances wholesale to others, constitutes a conspiracy to distribute those substances. Here, the record reveals no such evidence. Hence, standing alone, a simple buyer-seller transaction, such as that between appellant and Ms. Shears, does not ordinarily constitute a conspiracy to distribute.[4] Fortunately for appellant, we have no such evidence in the case at hand. As we have noted, appellant was approached by and spoke briefly with Ms. Shears, and exchanged one capsule of heroin for cash. This was obviously a single buyer-seller transaction. Thus, standing alone, it does not constitute evidence of a conspiracy to distribute heroin.

We now turn to whether the State presented sufficient evidence of appellant's relationship with Crosby to establish a conspiracy. According to appellant, since Crosby was acquitted on all charges, his conviction of conspiracy to distribute cannot stand. As the Court of Appeals said in *Gardner v. State,* 286 Md. 520, 408 A.2d 1317 (1979), "This proposition is recognized in the law as the rule of consistency; that 'as one person alone cannot be guilty of conspiracy, when all but one conspirator are acquitted, conviction of the remaining conspirator cannot stand.'" *Id.,* at 524, 408 A.2d 1317 (*quoting Hurwitz v. State,* 200 Md. 578, 592, 92 A.2d 575 (1952)). In endeavoring to avoid the doctrine of consistency, the State points to the Shears transaction. There, appellant received money from Ms. Shears and passed it to Crosby before giving her one capsule of heroin. Since Crosby was acquitted of conspiracy, however, the Shears transaction is of no avail to the State, nor can appellant's conviction of conspiracy to distribute conviction stand.

---

4. It should be noted that evidence of the Shears transaction, combined with evidence of a coconspirator, would be evidence of the completion of an agreed upon unlawful purpose.

## II.

Appellant also claims the supplemental instruction given the jury should have included the following language: "possession requires the State to show knowledge of the illicit character of the substance beyond a reasonable doubt." [5]

In *Dawkins v. State*, 313 Md. 638, 547 A.2d 1041 (1988), the Court of Appeals said in a similar situation: [6] "[t]he accused, in order to be found guilty, must know of both the presence and the general character or illicit nature of the substance. Of course, such knowledge may be proven by circumstantial evidence and by inferences drawn therefrom. Nevertheless, the defendant ... was entitled to an instruction that knowledge is an element." *Id.* at 651, 547 A.2d 1041. Nonetheless, we do not believe *Dawkins* is dispositive.[7]

 In determining in a criminal case whether an error is harmless we must, after an independent review of the record, be able to declare beyond a reasonable doubt that it in no way influenced the verdict. *Allen v. State*, 91 Md.App. 705, 744, 605 A.2d 960 (1992), *cert. denied*, 327 Md. 625, 612 A.2d 256 (1992). Or, as the Court of Appeals put it in *Dorsey v. State*, 276 Md. 638, 350 A.2d 665 (1976),

---

5. The trial court gave the following supplemental instruction: "Now, possession is this: I possess that which I hold in my hand. I possess that which I have on my person, in my pocket, here on the bench in front of me. I have the jacket to my suit in the closet in the next room. I am in possession of that jacket because I have control of it. I have control overall of these things, therefore, I am in possession of them. Now, the crime of possession is having under your control any amount of heroin for any period of time."

6. Here, as in *Dawkins*, the initial instruction, as well as the supplemental instruction, failed to include the element of knowledge. Interestingly, in both cases appellants objected not to the initial instruction, but to the supplemental instruction.

7. Dawkins had been arrested carrying a satchel found to contain drugs and drug paraphernalia. As Dawkins declared his innocence, claiming the satchel belonged to his girlfriend and that he had no knowledge of its contents, knowledge was far more significant.

We conclude that when an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed 'harmless' and a reversal is mandated.

*Id.*, at 659, 350 A.2d 665. After an independent review of the record before us, we are able to declare beyond a reasonable doubt that the trial court's failure to include knowledge in the supplemental instruction in no way influenced the jury's verdict. Put another way, we believe it inconceivable that the jury, after considering the evidence before it, could have come to any other conclusion than that appellant was aware of the "general character and illicit nature" of the substance being sold.[8]

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.**

**COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.**

---

**8.** We recently held in *Lucas v. State*, 116 Md.App. 559, 698 A.2d 1145 (1997), *cert. denied*, 348 Md. 206, 703 A.2d 148 (1997), that an instruction which failed to include the element of knowledge in the definition of cocaine was harmless. In *Lucas*, defense counsel admitted the substance found on appellant's hands was cocaine. As here, we viewed the trial court's failure to include knowledge in its instruction as harmless.